UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STEVEN BEAULIEU,**
**CHASIDY LEE LENOIR,**
**DR. KENT KEBERT,**
**LYNN KEBERT,**
**BETH ROWLETT, AND**
**CARLA VIDA AS EXECUTRIX OF**
**THE ESTATE OF LAVOY J. REED**

      **Petitioners,**

                                             **Civil Action No.** _3:19cv378-DCB-JCG_

      **v.**

**PERSHING LLC,**

      **Respondent.**

_____/

## PETITION FOR ENTRY OF ORDER CONFIRMING ARBITRATION AWARD

Petitioners Steven Beaulieu, Chasidy Lee Lenoir, Dr. Kent Kebert, Lynn Kebert, Beth Rowlett, and Carla Vida as Executrix of the Estate of Lavoy J. Reed (collectively, ("Petitioners"), by and through their undersigned counsel, Pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, files this petition for entry of an order confirming an arbitration award rendered by a Financial Industry Regulatory Authority ("FINRA") arbitration panel in the consolidated FINRA arbitration proceeding styled <u>Aubrey Sanford, Jenny Atkins, Lee Atkins, Steven Beaulieu, Vicki Currie, Robert Jerald Delany as POA for Emma Mae Smith, Dr. Mark Friloux, Virginia Harrell, Janice Jeffrey, Howard Kerce, Chasidy Lee Lenoir, Robert O. Love, Terri Rejcek f/k/a Terri Cluck, Kathryn Rheiner, Richard Rheiner, Edward Simmons, Robert G. Spring, and  Jean Smith v. Pershing LLC</u>, FINRA Arbitration No. 2018-00651; and <u>Dr. Michael Borne, Susan Brooker, Maynard Bryant, Christy Camp, Clifford Camp, II,  Earl Davis, Janet</u>

Davis, F. David Fowler, Dr. Kent Kebert, Lynn Kebert, Beth Rowlett, Larry Weissman as Trustee for the Alan B. Platkin Credit Shelter Trust, Samuel G. Williams, Judith Wormser, Judy T. Wormser as the member of Wormser Financial LLC Judy T. Wormser as Trustee of the Harold Wormser and Judy Wormser RLT 02/01/50, and Carla Vida as Executrix of the Estate of Lavoy J. Reed v. Pershing LLC, FINRA Arbitration No. 2018-03797 (the "Consolidated Arbitration Proceeding") and further says:

1.      Petitioner Steve Beaulieu is a citizen of the State of North Carolina.

2.      Petitioner Chasidy Lee Lenoir is a citizen of the State of Mississippi.

3.      Petitioner Dr. Kent Kebert is a citizen of the State of Mississippi

4.      Petitioner Lynn Kebert is a citizen of the State of Mississippi.

5.      Petitioner Beth Rowlett is a citizen of the State of Tennessee.

6.      Petitioner Carla Vida as Executrix of the Estate of Lavoy J. Reed is a citizen of the State of Texas.  Mr. Reed was a citizen of the State of Texas before his death.

7.      Respondent Pershing LLC is a corporation organized under the laws of the State of Delaware with its principal place of business in Jersey City, New Jersey.

8.      Subject matter jurisdiction of this Court is achieved pursuant to 28 U.S.C. Section 1332, based on diversity of citizenship.   Each Petitioner is a citizen of a State other than Delaware and New Jersey.

9.      The amount in controversy to establish diversity jurisdiction is also met as the award at issue exceeds $1,430,000.00.

10.      The Court has personal jurisdiction over the Respondent. Many of the Petitioners reside in the State of Mississippi. Moreover, this action arises out of specific activities that took

2

place in Mississippi—namely, bringing and participating in the FINRA arbitration in Jackson, Mississippi.

11.     Venue is proper under 28 U.S.C. § 1391 because the arbitration giving rise to this case was held in Jackson, Mississippi.

12.     On February 16, 2018 and November 1, 2018 respectively, Petitioners submitted their claims against Respondent to arbitration before FINRA for determination of their claims by a panel of arbitrators pursuant to the FINRA Code of Arbitration Procedure for Customer Disputes (the "FINRA Code"). The cases were consolidated by order of the arbitration panel on February 15, 2019.

13.     Each Petitioner had an account introduced to Pershing through their broker-dealer, Stanford Group Company. Each Petitioner's account was subject to an arbitration agreement found in the Client and Margin Agreement. *See* Ex. A, at 8 ¶ 24 (Exemplar Client and Margin Agreement) ("ANY CONTROVERSY BETWEEN YOU AND THE STANFORD GROUP COMPANY OR PERSHING SHALL BE SUBMITTED TO ARBITRATION BEFORE THE FINANCIAL INDUSTRY REGULARATORY AUTHORITY (FINRA)."). Moreover, each Petitioner executed a submission agreement, either on February 16, 2018 or November 16, 2018, in which they agreed to submit to FINRA arbitration.

14.     On September 24, 2018 and December 28, 2018, Respondent served its Answers to Petitioners' Statements of Claim, in the respective arbitrations, prior to their consolidation, and executed FINRA Uniform Submission Agreements, in which they formally consented to arbitration of Petitioners' claims before FINRA, to be governed by the FINRA Code on September 25, 2018 and December 21, 2018 respectively.

15.     In their claims, Petitioners sought to recover as damages their losses in the R. Allen Stanford Ponzi scheme in the amount of over $6,000,000.

16.     An evidentiary hearing was held in Jackson, Mississippi, starting on March 25, 2019 and ending on April 1, 2019.

17.     During the hearing, the Panel heard testimony from eight witnesses and received hundreds of exhibits from both Petitioners and Respondent.

18.     On May 7, 2019, FINRA served Petitioners and Respondent with the Panel's Award. *See* Ex. B (Award).

19.     In the Award, the Panel found Pershing liable as follows:

  a.   Respondent is liable for and shall pay to K Kebert and L Kebert the sum of $500,000.00 in compensatory damages.

  b.   Respondent is liable for and shall pay to Rowlett the sum of $330,000.00 in compensatory damages.

  c.   Respondent is liable for and shall pay to Beaulieu the sum of $200,000.00 in compensatory damages.

  d.   Respondent is liable for and shall pay to Lenoir the sum of $200,000.00 in compensatory damages.

  e.   Respondent is liable for and shall pay to the Reed Estate the sum of $200,000.00 in compensatory damages.

## THE COURT'S AUTHORITY UNDER THE FEDERAL ARBITRATION ACT

20.     The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9–11, directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (stating "the court must grant such an order [to confirm]" (emphasis added)); *Washington Mut. Bank v. Crest*

*Mortg. Co.,* 418 F. Supp. 2d 860, 862 (N.D. Tex. Dallas Div. 2006); see also *Terrell Lebeaux Warren Individually, et al. v. Benjamin Geller, et al.,* 2019 WL 1979925, at * 7 (E.D. La. May 3, 2019) (stating that judicial review of arbitration decisions is "extraordinarily narrow"). *Accord Weinberg v. Silber,* 2003 WL 147530, at * 2 (5th Cir. Jan. 6, 2003); *Brabham v. A.G. Edwards & Sons Inc.,* 376 F.3d 377, 380 (5th Cir. 2004); *Pershing LLC v. Kiebach,* No. 14-2549, 2017 WL 2226130, at *2 (E.D. La. May 22, 2017), *aff'd sub nom.* 721 F. App'x 376 (5th Cir. 2018); *Tortorich v. Musso,* No. 07-3912, 2007 WL 3244396, at *2 (E.D. La. Nov. 1, 2007)("Courts 'apply a highly deferential standard when reviewing arbitration awards.' " (quoting *Int'l Chem. Workers Union v. Columbian Chems. Co.,* 331 F. 3d 491, 494 (5th Cir. 2003)))).

21.     The FAA provides expedited judicial review to confirm, vacate, or modify arbitration awards. As noted, under § 9, a court "must" confirm an award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. Section 10 lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits." *Hall Street Associates, LLC v. Mattel, Inc.,* 552 U.S. 576, 128 S.Ct. 1396, 1398, 170 L.Ed.2d 254 (2008).  None of the criteria listed in either § 10 or § 11 are present here.

22.     Accordingly, this Court, therefore, has the authority to confirm the Award under 9 U.S.C. § 9 and to enter judgment under 9 U.S.C. § 13.

23.     Petitioners request that the Court retain jurisdiction to enter such other and further orders as the Court deems necessary and proper.

WHEREFORE, Petitioner requests that the Court enter an order awarding Petitioners the following relief:

A.     Confirming the Arbitration Award, dated May 7, 2019, in the favor of Petitioners;

B.     Entering final judgment in favor of Petitioners and against Respondent awarding Petitioners a total of $1,430,000.00 in compensatory damages, as detailed in the Award, and post-award interest;

C.     Reserving jurisdiction to enter such other and further orders as this Court deems necessary and proper; and

D.     Awarding Petitioners such other and further relief as this Court deems just and proper.

**PETITIONERS, STEVEN BEAULIEU,**
**CHASIDY LEE LENOIR,**
**DR. KENT KEBERT,**
**LYNN KEBERT,**
**BETH ROWLETT, AND**
**CARLA VIDA AS EXECUTRIX OF**
**THE ESTATE OF LAVOY J. REED**

By:     */s/ Benjamin M. Watson*
         Benjamin M. Watson (MB #100078)

         *Counsel for Petitioners*

OF COUNSEL:

BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, Mississippi  39157
Post Office Box 6010 (39158)
Tel:  (601) 948-4420
Fax:  (601) 985-4500
E-mail: ben.watson@butlersnow.com

47662551.v1