```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       NORTHERN DIVISION
```

STEVEN BEAULIEU,
CHASIDY LEE LENOIR,
DR. KENT KEBERT,
LYNN KEBERT,
BETH ROWLETT,
BETH ROWLETT, and
CARLA VIDA AS EXECUTRIX OF
THE ESTATE OF LAVOY J. REED                          PETITIONERS

VS.                     CIVIL ACTION NO. 3:19-cv-378(DCB)(JCG)

PERSHING, LLC                                           RESPONDENT

## ORDER

This cause is before the Court on Petitioners Steven Beaulieu, et al.'s Petition for Entry of Order Confirming Arbitration Award (docket entry 1).

On May 28, 2019, Petitioners filed a Petition pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, seeking entry of an order confirming an arbitration award rendered by a Financial Industry Regulatory Authority ("FINRA") arbitration panel in the consolidated FINRA arbitration proceeding.

Venue is proper under 28 U.S.C. § 1391 because the arbitration giving rise to this case was held in Jackson, Mississippi.

Subject matter jurisdiction of this Court is achieved pursuant to 28 U.S.C. § 1332, based on diversity of citizenship.

Each Petitioner is a citizen of a State other than Delaware and New Jersey. The amount in controversy to establish diversity jurisdiction is also met as the award at issue exceeds $1,430,000.00.

The Court has personal jurisdiction over the Respondent. Many of the Petitioners reside in the State of Mississippi. Moreover, this action arises out of specific activities that took place in Mississippi – namely, bringing and participating in the FINRA arbitration in Jackson, Mississippi.

On May 7, 2019, FINRA served Petitioners and Respondent with the Panel's Award.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9-11, directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected. 9 U.S.C. § 9 (stating "the court must grant such an order [to confirm]"); <u>Washington Mut. Bank v. Crest Mortg. Co.</u>, 418 F.Supp.2d 860, 862 (N.D. Tex. Dallas Div. 2006); <u>see also</u> <u>Terrell Lebeaux Warren Individually, et al. v. Benjamin Geller, et al.</u>, 2019 WL 1979925, at *7 (E.D. La. May 3, 2019)(stating that judicial review of arbitration decisions is "extraordinarily narrow").

The FAA provides expedited judicial review to confirm, vacate, or modify arbitration awards. As noted under § 9, a court "must" confirm an award "unless" it is vacated, modified, or corrected "as prescribed" in §§ 10 and 11. Section 10 lists

grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." Under § 11, the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits." Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576 (2008). None of the criteria listed in either § 10 or § 11 are present here.

Petitioners served their Summons on Pershing LLC on May 28, 2019. (Docket entry 1). The Summons required Pershing LLC to serve on the Petitioners, within 21 days after service of the summons, an Answer to the attached Petition or a motion under Rule 12 of the Federal Rules of Civil Procedure.

Pershing LLC has failed to respond to the Summons within the time allotted.

The Court therefore finds that an Order shall be entered awarding the relief sought by Petitioners, including confirmation of the arbitration award, a Final Judgment in favor of Petitioners in the amount of $1,430,000.00 in compensatory damages, as detailed in the Award, and post-award interest. In addition, the Order shall reserve unto this Court jurisdiction to enter other orders as the Court deems necessary and proper.

ACCOEDUNGLY,

3

IT IS HEREBY ORDERED that the Petitioners are directed to draft a proposed Final Judgment for the Court's signature awarding the relief requested; and awarding Petitioners $1,430,000 in compensatory damages, as detailed in the Award; and post-award interest; and reserving jurisdiction of this Court to enter such other and further orders as the Court may deem necessary and proper.

SO ORDERED, this the 28th day of June, 2019.

                                              __/s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE